IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 1:18-cr-00002 |
| | ) | JUDGE RICHARDSON |
| JAMES B. WEST | ) | |
| | ) | |

## **MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant's Motion for Release Pending Sentencing (Doc. No. 42, "Motion"), supported by a declaration (Doc. No. 42-1). Defendant claims that he should be released pending sentencing due to the enhanced risk of being infected with COVID-19 while detained at Davidson County jail, combined with the enhanced risk he faces should he become infected due to having diabetes, high blood pressure and high cholesterol. Defendant relies specifically on 18 U.S.C. § 3145(c), stating as follows:

> The defendant recognizes that he has pleaded guilty already, and that 18 U.S.C. § 3143 ordinarily might require his continued detention. However, 18 U.S.C. § 3145(c) allows release of a defendant, even defendants whose detention otherwise is mandated under 18 U.S.C. § 3143, when a judicial officer finds that the defendant has made a showing of exceptional circumstances under § 3145(c). *United States v. Christman*, 2010 U.S. App. LEXIS 4525 (6th Cir. 2010). In *Christman*, the Sixth Circuit acknowledged that a district court judge is a "judicial officer" contemplated in § 3145(c). The Sixth Circuit also concluded that the district court had the authority to release someone whose detention otherwise was mandated under § 3143(a)(2).

(Doc. No. 42 at 6).

The Government has filed a response in opposition (Doc. No. 45), supported by a supplemental sealed filing (Doc. No. 47-1). For the reasons set forth below, the Motion is **DENIED**.

I.  THE DISTRICT COURT HAS AUTHORITY TO CONSIDER RELEASING DEFENDANT PENDING SENTENCING UNDER 18 U.S.C. § 3145(c), BUT INVOCATION OF SECTION 3145(c) DOES NOTHING TO REDUCE OR SATISFY THE BURDEN DEFENDANT BEARS IN ANY EVENT UNDER 18 U.S.C. § 3145(c) TO SHOW BY CLEAR AND CONVICNING EVIDENCE THAT HE DOES NOT POSE A FLIGHT RISK OR DANGER TO OTHERS.

As noted above, Defendant has moved for release pending his sentencing based on what he asserts are "exceptional reasons" pursuant to 18 U.S.C. § 3145(c). As noted in the quoted language above, Defendant maintains that release pending sentencing is possible under Section 3145(c) even if 18 U.S.C. § 3143(a)(2) ordinarily might require his continued detention after his guilty plea. Implicit in Defendant's argument is the notion that "exceptional reasons" alone can justify releasing a defendant pending sentencing even if the defendant cannot make the showing he *otherwise* would have to make for release under Section 3143(a)(2) as a convicted defendant. Defendant thereby also implies that he does not have to satisfy *any* of the requirements *of* Section 3143.

In other words, Defendant claims (whether expressly or implicitly) that: (a) Section 3145(c) is applicable to requests for release made by defendants otherwise subject to detention *under Section 3143(a)(2)*; (b) Section 3145(c) is applicable to requests to *district courts* for release *pending sentencing* made by such defendants; and (c) if he can show "exceptional reasons" within the meaning of Section 3145(c), then he can be released, even if he cannot satisfy *any* of the requirements for release under Section 3143. As set forth below, the first two claims are correct. But the third one is incorrect—a reality illuminated by an examination of the statutes at issue as well as case law interpreting Section 3145(c), including the Sixth Circuit case conclusively supporting the second claim. The examination shows why invocation of Section 3145(c) ultimately does not help a defendant awaiting sentencing, like Defendant, who cannot meet the heavy burden to show that he or she is unlikely to flee or pose a danger to others.

The first part of the relevant analysis is an identification of the basis for Defendant's current detention. The Court will do so thoroughly, even providing some detail that is not directly relevant to the issues but is helpful in distinguishing between what (including what statutory authority) is and what is not relevant to the issues here. The Court does so in hopes of bringing clarity to a topic that, the undersigned fears, historically has been under-analyzed and not properly understood.

Defendant was charged originally, in a criminal complaint, only with a single violation of 18 U.S.C. § 922(g), *i.e.*, possession of a firearm by a convicted felon. The Government moved to detain Defendant pursuant to 18 U.S.C. § 3142(f)(1)(E), on the grounds "that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community." (Doc. No. 3).[1] As the Government correctly asserted, it could properly move for detention on this basis for the particular crime charged.

On the other hand, the Government was not entitled to a *presumption* (albeit a rebuttable one) that the alternative bases for detention (*i.e.*, flight risk and danger to others, either of which alone would mandate detention) exist. There are certain charges as to which such a presumption applies based solely on the identity of the charge itself; these are listed in 18 U.S.C. § 3142(e)(3). But an alleged violation of 18 U.S.C. § 922(g) is not one of them. Despite the lack of a presumption, and absent opposition from Defendant, the magistrate judge granted the motion for detention. (Doc. No. 9).

The Government thereafter filed an Indictment against Defendant, charging him with six counts: Count One—Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924; Counts Two and Six—Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1);

---

[1] These alternative grounds for detention will be referred to herein as "flight risk" and "danger to others," respectively.

Count Three—Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A); Count Four—Possession of a Firearm and Ammunition by Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924; and Count Five—Convicted Felon in Possession of Ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924. Defendant thereafter moved for a detention hearing, asking the Court to release him, but his motion was denied. (Doc. Nos. 28, 29).

Defendant thereafter pled guilty to all six counts of the Indictment. (Doc. Nos. 34-36). Three of these counts fall within 18 U.S.C. § 3142(e)(3); Counts Two and Six (each a violation of the Controlled Substances Act with a maximum prison sentence of 20 years) fall within 18 U.S.C. § 3142(e)(3), and Count Three falls within 18 U.S.C. § 3142(e)(3)(B). And Counts Two and Six also fall within a category of especially serious crimes described in 18 U.S.C. § 3142(f)(1)(C)—a fact that entails certain consequences, including those discussed below.

Once convicted upon his guilty plea, Defendant's detention was governed by 18 U.S.C. § 3143(a), which applies to defendants who have been found guilty and are awaiting sentencing. That subsection has two paragraphs. Paragraph (1) applies generally, irrespective of the charges involved, and paragraph (2) is applicable only to cases involving particular specified charges, including charges falling within Section 3142(f)(1)(A)-(C).[2] The idea seems clear: paragraph (2) relates to more serious charges (compared to a garden-variety charge) and thus requires more for the release of a defendant convicted of any such charge. More specifically, subsection (a) of Section 3143 provides, in pertinent part: in paragraph (1) that detention is mandatory unless the defendant can show by clear and convincing evidence that he is not a flight risk or danger to

---

[2] This includes Section 3142(f)(1)(C), which covers Counts Two and Six in Defendant's case.

others;³ and in paragraph (2) that for a defendant convicted of a crime falling within Section 3142(f)(1)(A)-(C), detention is mandatory even if he can make the required showing by clear and convincing evidence that he is not a flight risk or danger to others, *unless there is a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person*.

As noted above, Defendant has been convicted of two crimes falling within Section 3142(f)(1)(C). This means that his case is now governed by paragraph (2) of Section 3143(a). For Defendant to be released under that paragraph, as noted, (A) he would have to show by clear and convincing evidence that he is not a flight risk or a danger to others; *and* (B) there would have to be a substantial likelihood that a motion for acquittal or new trial will be granted or a prosecutorial recommendation that no sentence of imprisonment be imposed on the defendant. The latter is typically an enormous hurdle for a defendant seeking release, especially one who has pled guilty; after all, in the case of a guilty plea to the kind of serious charge covered by Section 3142(f)(1)(A)-(C), there is typically both a very small likelihood that a motion for acquittal or new trial will be granted and an absence of a prosecutorial recommendation of no imprisonment. It would seem, then, that for defendants subject to paragraph (2), release pending sentencing typically is virtually out of the question even if they are demonstrably neither a flight risk or danger to others.

That is where Section 3145(c) comes in. It comes to the aid of just such a defendant. It provides:

> **(c) Appeal from a release or detention order.**--An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release

---

³ If the defendant can make that showing, then release is mandatory. *See* 18 U.S.C. § 3143(a)(1). So under paragraph (1), everything turns on whether the defendant can make the required showing; if not, he is detained, and if so, he is released. Not so with paragraph (2).

set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. §3145(c). It is notable, for reasons discussed below, that the final sentence—the one on which Defendant really relies—applies only in the case of a defendant "subject to detention pursuant to section 3143(a)(2) or (b)(2)," such as Defendant here.[4]

This subsection follows just after a subsection dealing with a district judge's authority to review a detention order of a magistrate judge:

> **(b) Review of a detention order.**--If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. §3145(c).

Section 3145(b) refers to "review" by the court having "original jurisdiction over the offense"; it is axiomatic that this generally is a reference to "review" (of a magistrate judge's decision) by a reviewing judge (*i.e.*, district judge) of the same district court. By contrast, Section 3145(c) refers only to an "appeal" (and not to mere "review") and to statutory provisions governing appeals to the United States Court of Appeals. So a threshold issue is whether a district judge has any authority to grant release based on (among other things, as discussed below) a finding of "exceptional reasons" pursuant to Section 3145(c). Much has been said on this issue over the years. As it was coming to a head in this circuit, one district court to address it was *United States v. Miller*, 568 F. Supp. 2d 764 (E.D. Ky. 2008):

> Although the above-referenced statutory provisions would appear to limit appeals for "exceptional reasons" to appellate courts, those courts that have addressed this issue are split concerning whether district courts have jurisdiction to

---

[4] Defendant is not subject to detention under Section 3143(b)(2), which applies only to (post-sentencing) detention pending appeal. But as noted above, Defendant is subject to detention pending sentencing pursuant to Section 3143(a)(2).

review their own detention determinations under 18 U.S.C. § 3145(c). In fact, the majority of circuit courts that have addressed the issue have concluded that district courts have jurisdiction to consider whether "exceptional reasons" exist to overcome the otherwise mandatory detention provisions of 18 U.S.C. § 3143(a)(2) and 18 U.S.C. § 3142(f)(1)(C).

*Id.* at 768. "[M]any of the district courts addressing this issue have held that the plain language of § 3145 establishes that the 'exceptional reasons' provision is only applicable on appeal." *Id.* at 771. The court in *Miller* "acknowledge[d] that, if read in isolation, the *introductory sentence* of § 3145(c), which refers to statutes that address appeals from final orders of the district court, states that § 3145 may only be applied by the appellate courts." *Id*. at 772. Nevertheless, it "agree[d with courts holding] that § 3145(c) may be applied by the district court *and* the appellate court." *Id.* at 772. It did so because it found the introductory sentence of Section 3145(c) ambiguous "when read *in conjunction with* the remainder of § 3145, and in context of the Bail Reform Act as a whole," and then invoked the statute's legislative history (and relevant case law) to resolve the ambiguity in favor of the notion that Section 3145(c) grants district courts authority to consider release based on "exceptional reasons." *Id.* at 772-74.

In a sure sign of the uncertainty surrounding this issue at the time, a different district judge from the same court soon thereafter came to the opposite conclusion. *See United States v. Smith*, 593 F. Supp. 2d 948, 957 (E.D. Ky. 2009) (holding that "the Court does not have the authority to address Smith's 'exceptional reasons' argument for release pending sentencing under 3145(c) as such an argument may properly be considered only by the court of appeals"). The Sixth Circuit thereafter settled this issue in the case Defendant relies on here, *United States v. Christman*, 596 F.3d 870 (6th Cir. 2010). There the court wrote in a short (and authorless) order:

> Although we have never explicitly held in a published decision that the district court has authority to release a defendant being detained pursuant to § 3143(a)(2) upon a showing of "exceptional reasons" under § 3145(c), we have reached that conclusion in an unpublished decision. *United States v. Cook,* 42 Fed. Appx. 803, 804 (6th Cir.

> 2002) (unpublished). Given that holding, the unanimous agreement of other circuits that have considered the issue, *see id.* (collecting cases), and the government's concession of error in this case, we hold that the district court erred in not considering whether Christman established exceptional reasons to support his release pending sentencing.

*Id.* at 870-71.[5] According to Defendant, *Christman* stands for the proposition that "18 U.S.C. § 3145(c) allows release of a defendant, even defendants whose detention otherwise is mandated under 18 U.S.C. § 3143, when a judicial officer finds that the defendant has made a showing of exceptional circumstances under § 3145(c)." (Doc. No. 42 at 6). Defendant further claims, putting it only slightly differently, that the court in *Christman* "concluded that the district court had the authority to release someone whose detention otherwise was mandated under § 3143(a)(2)."

These statements are accurate as far they go. But they do not go far enough, because *Christman* actually held that "[a] defendant subject to detention under § 3143(a)(2) may be released [by a district judge as well as a court of appeals] if it is 'clearly shown,' *among other things,* that there are 'exceptional reasons' why his detention is inappropriate." 18 U.S.C. § 3145(c). *Id.* at 870 (emphasis added). As indicated by the emphasized phrase, "exceptional reasons" alone will not justify release under Section 3145(c); some "other things" are required. And the text of the statute tells as what they are: satisfaction of "the conditions of release set forth in section 3143(a)(1) or (b)(1)." 18 U.S.C. § 3145(c). In Section 3143(a)(1), which (rather than

---

[5] It is worth noting, even though it changes nothing in the instant case, that *Christman* applies only to release pending *sentencing*, and not release pending *appeal*:

> The Sixth Circuit has recently held a district court has authority to release a defendant being detained pursuant to § 3143(a)(2) upon a showing of "exceptional reasons" under § 3145(c). [*Christman*, 596 F.3d at 870]. § 3143(a)(2), however, applies to a request for release on bond pending sentencing, while Defendant here seeks release after sentencing and pending her appeal under § 3143(b). The Court is unaware of authority for the proposition a district court can consider a showing of "exceptional reasons" why detention is inappropriate under § 3145(c) when deciding whether a defendant qualifies for release pending appeal under § 3145(b) . . . .

*United States v. Booker*, No. 1:11-CR-14, 2012 WL 12884853, at *7 (E.D. Tenn. Feb. 24, 2012).

Section 3143(b)(1)) is applicable in Defendant's case,[6] the conditions set forth are that the defendant show by clear and convincing evidence that he or she is not a flight risk or danger to the community.

Many cases confirm this understanding. As Chief Judge Crenshaw of this district put it just last week:

> [M]any decisions suggest that the question of "exceptional circumstances" arises only after the lack of a risk of flight and dangerousness factors have been met. *See e.g., United States v. Roeder*, No. 20-1682, ⸺ F.3d ⸺, ⸺, 2020 WL 1545872, at *2 (3d Cir. Apr. 1, 2020) ("If there has been a finding by clear and convincing evidence that 'the person is not likely to flee or pose a danger to the safety of any other person or the community if released,' see 18 U.S.C. § 3143(a), we may grant relief 'if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.' "); United States v. Velarde, 555 F. App'x 840, 841 (10th Cir. 2014) (emphasis in original) ("That leaves the provision in 18 U.S.C. § 3145(c) permitting release if (1) it is shown by clear and convincing evidence that the defendant is neither a flight risk nor a danger to the community *and* (2) 'clearly shown that there are exceptional reasons why such person's detention would not be appropriate.' "); *United States v. Ferry*, No. CR 18-00930 MV, 2020 WL 2198118, at *2 (D.N.M. May 6, 2020) ("The Court first finds that, although it has the authority to release Ms. Ferry pursuant to 18 U.S.C. § 3145(c) notwithstanding the "mandatory detention" provision of 18 U.S.C. § 3143(a)(2), it may do so only if Ms. Ferry demonstrates by clear and convincing evidence that she is not a flight risk or a danger to the community[.]").

*United States v. Wiseman*, No. 3:19-CR-00099, 2020 WL 2487199, at *1–4 (M.D. Tenn. May 14, 2020). Ultimately, Judge Crenshaw did not see the need to opine on the correctness of these decisions, because he found other grounds to deny defendant *Wiseman*'s request for release. But in the undersigned's view, these cases are clearly correct, for several reasons. First, they comport with the language of Section 3145(c), giving it a construction that prevents the phrase "who meets the conditions of release set forth in section 3143(a)(1)" from becoming a nullity. Second, they comport with *Christman*'s observation that under Section 3145(c), "other things" are required

---

[6] As noted elsewhere herein, Section 3143(a) applies to release pending sentencing, and Section 3143(b) applies to (post-sentencing) release pending appeal. So Section 3143(a) applies to Defendant's case, meaning that Section 3143(a)(1) is the applicable provision for purposes of applying Section 3145(c).

besides "exceptional circumstances." Third, they comport with the decision on remand of *Christman* itself; in a decision that was not reversed, the district court on remand noted:

> [B]efore the Court may begin the exceptional reasons analysis, the defendant must "meet[ ] the conditions of release set forth in section 3143(a)(1)." 18 U.S.C. § 3145(c). A detainee satisfies the conditions of § 3143(a)(1) only if he can demonstrate "by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).

*United States v. Christman*, 712 F. Supp. 2d 651, 653–54 (E.D. Ky. 2010). Fourth, this interpretation is consistent with a plainly sensible policy recognition that if a defendant must be detained even prior to conviction because he or she poses a flight risk or danger to others, then after conviction the Court needs to be even more satisfied that the defendant poses no such risk—rather than simply ignore the significance of any such risk due to an exclusive focus on "exceptional reasons."

But under this interpretation, what use is the last sentence of Section 3145(c) to defendants? Put differently, does this interpretation render the language regarding "exceptional reasons" a nullity, depriving a defendant of any possible benefit from the existence of "exceptional reasons" since he or she is just going to have to meet his or her heavy burden as to flight risk and danger to others anyway?

The answer is no. As noted, Section 3145(c) applies to (and only to) a defendant "subject to detention pursuant to section 3143(a)(2) or (b)(2)." Defendant, as noted, is subject to detention under Section 3143(a)(2), and an analysis of that paragraph shows the major potential benefit Section 3145(c) bestows upon such a defendant who *can* meet his or her burden as to risk of flight. For such a defendant who can show "exceptional reasons," Section 3145(c) indicates by omission that Section 3143(a)(2)'s other generally applicable requirement—*i.e.*, a substantial likelihood that a motion for acquittal or new trial will be granted or, alternatively, a government recommendation

that imprisonment not be imposed—is inapplicable. In short, that requirement is replaced by the requirement of "exceptional circumstances." This can greatly increase the chances for release of a defendant pleading guilty to a crime covered by Section 3143(a)(2) because for such a defendant, as noted above, there typically is very little chance of acquittal, a new trial, or a prosecutorial recommendation of no jail time. *This*—and not the elimination of the defendant's burden to show by clear and convincing evidence the lack of flight risk or danger to others—is the potential advantage extended by Section 3145(c) to defendants subject to detention under Section 3143(a)(2).[7]

So when Defendant states that under *Christman,* this Court can release (based on "exceptional reasons") a defendant who otherwise would be subject to detention under Section 3143(a)(2), that is correct as stated but far from the whole story. If it finds exceptional reasons, this Court can release a defendant even if he or she otherwise would be subject to detention based on the non-existence of the circumstances set forth in Section 3143(a)(2)(A)—*provided* that the defendant *can* satisfy the requirement of Section 3143(a)(1)[8] to show by clear and convincing evidence that he is not a flight risk or danger to others.

---

[7] As noted above, Section 3143(b) is inapplicable here because it applies to detention pending appeal. But it is worth noting that Section 3145(c) also provides a potential benefit to a defendant subject to detention under Section 3143(b)(2) who can show by clear and convincing evidence that he or she is not a flight risk or danger to others. The benefit is somewhat different from the benefit provided for defendants subject to detention under Section 3143(a)(2) because Section 3143(b)(2) prescribes mandatory detention. With that realization, one can see that for a defendant subject to detention under it, Section 3145(c) turns the situation from one of mandatory detention into one where release is possible—provided the defendant can satisfy the requirements of Section 3143(b)(2) and demonstrate that "exceptional reasons" for release exist. Daunting though this task may be, thanks to Section 3145(c) such a defendant is at least not automatically and absolutely precluded from even trying to show entitlement to release.

[8] Notably, the requirement of Section 3143(a)(1) is replicated in Section 3143(a)(2)(B). This means, among other things, that it would be misguided to say that a defendant who can show "exceptional reasons" under Section 3145(c) need not satisfy any requirements of Section 3143(a)(2); the requirement of Section 3143(a)(2)(B) still must be satisfied.

II. **DEFENDANT DOES NOT EVEN ATTEMPT TO SATISFY, LET ALONE ACTUALLY SATISFY, HIS BURDEN TO SHOW BY CLEAR AND CONVICNING EVIDENCE THAT HE DOES NOT POSE A FLIGHT RISK OR DANGER TO OTHERS.**

Even if the Court assumes *arguendo* that Defendant has set forth "exceptional reasons" for release within the meaning of Section 3145(c), the Court must deny the motion because Defendant simply has not met the burden he shoulders in any event with respect to flight risk and danger to others. In fact, Defendant does not even attempt to meet this burden. And he can hardly be blamed for that; any such attempt would have been hubristic given the applicable facts, which the Government has summarized in some detail (Doc. No. 45 at 2-3) and supplemented with a filing (Doc. No. 47-1) that suggests an additional facet of danger Defendant now poses to others.

The Court cannot and does not find by clear and convincing evidence that Defendant is "not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1). Accordingly, his Motion (Doc. No. 42) is simply a non-starter and thus is hereby **DENIED**.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE